WALLACE, JUDGE:
On May 7, 1984, at about 2:00 p.m., the claimant was operating her 1970 Chevrolet Impala in a northeasterly direction on Secondary Route 27 approaching the intersection of U.S. Route 19, in Marion County. The claimant veered her vehicle to the right when a vehicle proceeding in *116 the opposite or southwesterly direction was coming toward the claimant's vehicle. Claimant's vehicle dropped off the paved portion of the road into the ditch line at that location. Claimant then lost control of the vehicle and the vehicle hit an abutment, jumped across the roadway and landed up against the porch of a nearby residence. The claimant seeks $100,000.00 for personal injury and damage to her vehicle.
It is alleged that respondent failed to maintain the berm in a safe condition and was negligent in this regard. The lack of berm is alleged to be the proximate cause of this accident. The claimant was alone in her vehicle at the time of this incident. She had been visiting her sister in Pittsburgh and was returning to her home in Carolina, West Virginia. She was proceeding at approximately 30-35 miles per hour. The claimant testified that prior to this accident, she travelled this route frequently. She stated that, at the time of this accident, she left the travel portion of the roadway, which is blacktop, to avoid the vehicle approaching her vehicle in the opposite direction. She did not regain control of the vehicle after she left the travel portion of the roadway. She did not observe any defects in the paved surface of the roadway.
James Richard Lee, who lives within a hundred feet of the accident site testified that he did not observe any defects in the paved surface of the roadway. He further stated that the lawns of the residences in this area extend to the travel portion of the roadway with the exception of the ditch line.
Charles E. Lambiotte, Marion County Maintenance Superintendent in May, 1984, testified that he was familiar with Secondary Route 27 at the intersection of U.S. Route 19. He stated that prior to May 7, 1984, he did not receive any complaints regarding the ditch line adjacent to County Route 27. He had examined his records back to 1979.
The route on which this accident occurred is a secondary road in a residential area. An examination of the photographs in the record reveal that the residents maintain their lawns close to the paved surface of the road but a narrow ditch line is apparent. This is not an uncommon condition along roads in residential areas. The Court is unable to determine negligence on the part of respondent in the maintenance of the road or the berm at the accident site. For these reasons, the Court is disposed to, and does, disallow this claim.
Claim disallowed.